COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK

THE SUPERIOR COURT

|  |  |
|---|---|
| Steven P. Lewis,<br><br>    Plaintiff<br>v.<br><br>Matthew A. Hill, Dr. Margie Joanne Hill,<br>David Robert Moore, Jeffrey Stoller, and<br>ClosedRPLA Holdings, Inc.,<br><br>    Defendants | CIVIL ACTION NO:<br><br>**19 1385** |

**COMPLAINT**

<u>Nature of Action</u>

This is an action for breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, an accounting, and injunctive relief. The plaintiff is a minority shareholder in and former officer and director of OpenALPR Technology, Inc. ("OpenALPR"), a software company that recently sold substantially all its assets for approximately $15,000,000. Defendant Matthew Hill is the founder, majority shareholder, president, secretary, treasurer and chairman of the board of OpenALPR. Defendants Dr. Margie Joanne Hill (Mr. Hill's wife) and David Robert Moore (Mr. Hill's father-in-law) are the current new directors, replacing the plaintiff in that role. Defendant Jeffrey Stoller, an attorney allegedly representing OpenALPR, aided and abetted the other defendants in violating the plaintiff's rights.

The essence of Mr. Lewis' claim is that he was defrauded out of half of his equity in OpenALPR by Matthew Hill, with the knowledge and assistance of the other

defendants, in order to receive a greater share of the proceeds from the undisclosed sale of the company's assets.

## PARTIES

1. Plaintiff Steven Lewis is an individual with an address of 57 Millbrook Road, Medfield, MA 02052.

2. Defendant Matthew Hill is an individual with an address of 5410 Lane Parke Ct., Birmingham, AL 35223.

3. Defendant Dr. Margie Joanne Hill is an individual with an address of 5410 Lane Parke Ct., Birmingham, AL 35223.

4. Defendant David Robert Moore is an individual with an address of 302 Land Grant Drive, Simpsonville, SC 29680.

5. Defendant Jeffrey Soller is an individual with an address of 1717 N Bayshore Dr., Ste 215, Miami, FL 33132-1196.

6. Defendant ClosedRPLA, Inc. is a Florida corporation, formerly known as OpenALPR, Inc., with a principal business address of 501 Riverside Avenue, Suite 700, PMB 92202, Jacksonville, FL 32202.

## FACTS

7. In January of 2016 Mr. Lewis accepted an offer from OpenALPR, a software startup then wholly owned by Mr. Hill. Mr. Lewis became a commissioned sales representative and a director of OpenALPR.

8. In April of 2016 Mr. Lewis and Mr. Hill agreed to an equity plan, whereby Mr. Lewis would receive 20% of OpenALPR (200 of the authorized 1,000 shares), vesting over four

2

years but subject to acceleration upon hitting revenue targets. The equity plan was reduced to writing and signed in December of 2017.

9. By the end of the first quarter of 2018 Mr. Lewis had received 100 of the 200 shares allocated under the equity plan. 800 shares had been issued to Mr. Hill, and 100 authorized but unissued shares (the "Treasury Shares") remained available to be distributed Mr. Lewis under the equity plan upon vesting.

10. Around that same time OpenALPR began discussing a potential customer relationship with Brekford Traffic Solutions, a subsidiary of Novume Solutions. By August 30, 2018 those discussions, unbeknownst to Mr. Lewis, had reached the point that Mr. Hill, on behalf of OpenALPR, had signed a non-disclosure agreement with Novume Solutions as part of a potential acquisition.

11. Ten days before he signed the NDA, and without revealing that he was in negotiations to sell OpenALPR to Novume Solutions, Mr. Hill offered to buy Mr. Lewis' 100 shares of stock for $90,000. Mr. Hill repeated this offer to Mr. Lewis on September 4, 2018, five days *after* signing the NDA, and still without revealing the acquisition negotiations. On September 17, 2018, Mr. Hill accepted an offer of $15,000,000 for OpenALPR.

12. Mr. Hill had already taken prior steps to force Mr. Lewis out of the company and reduce his equity stake. On information and belief these steps were taken at a time when Mr. Hill was aware of the potential sale of the company, and for the express purpose of enriching himself at the expense of Mr. Lewis, in breach of Mr. Hill's fiduciary duty.

13. For example, in April of 2018 Mr. Hill proposed reducing Mr. Lewis' commissions – to which Mr. Lewis reluctantly agreed. Mr. Lewis then needed to take on an additional job to supplement his income, which he told Mr. Hill in June of 2018. Mr. Hill responded by

presenting Mr. Lewis with a "Redemption Agreement" respecting his 100 unvested shares and falsely told Mr. Lewis that he was required to sign it under the terms of the equity plan. Not only was Mr. Lewis not required to redeem his unvested shares at that time, as he continued to work as a part time salesman for OpenALPR and he remained an officer and a director, but the company was about to hit a revenue milestone that would have resulted in the vesting of another fifty shares of stock. In breach of his fiduciary duty, Mr. Hill failed to disclose this information to Mr. Lewis and Mr. Lewis signed the Redemption Agreement.

14. In July of 2018, one month before signing the NDA, Mr. Hill fired Mr. Lewis without cause. Mr. Hill also caused the company to fail to pay Mr. Lewis the commissions he earned in July.

15. Mr. Hill then caused the company to sell him, for nominal consideration, the 100 shares of Treasury Stock, thereby diluting Mr. Lewis' ownership interest, all in further breach of Mr. Hill's fiduciary duty.

16. Mr. Hill had a "Board Resolution" prepared that purported to authorize the issuance to Mr. Hill of the Treasury Stock. Although the document is dated as of June 18, 2018, the document's metadata reveals that is was not created until September 14, 2018, three days before Mr. Hill accepted the $15,000,000 offer for OpenALPR.

17. On September 16, 2018, Mr. Hill sent Mr. Lewis a letter, drafted by Mr. Stoller, seeking Mr. Lewis' consent to a sale of OpenALPR for $4.5 million "or more," and giving Mr. Hill Mr. Lewis' proxy to vote his shares. The letter drafted by Mr. Stoller left blank the number of shares owned by Mr. Lewis. On information and belief Mr. Stoller was aware

at the time that Mr. Hill had improperly distributed the Treasury Stock to himself. Mr. Stoller also failed to advise Mr. Hill of his statutory appraisal rights under Florida law.

18. Mr. Lewis did not sign the proxy letter. Nevertheless, the next day, September 17, 2018, Mr. Hill signed a letter of intent to sell the assets of OpenALPR to Nuvume Solutions for $15,000,000, more than three times the amount indicated in Mr. Hill's letter of the previous day.

19. In anticipation of the closing with Novume Solutions, Mr. Hill scheduled a shareholder meeting on March 9, 2019. The two shareholders in attendance were Mr. Hill and Mr. Lewis, and the meeting was presided over by Jeffrey Stoller, OpenALPR's attorney. The two items on the agenda were the ratification of the purchase and sale agreement respecting substantially all of the assets of OpenALPR and electing a board of directors. Mr. Lewis abstained from the ratification vote, citing a lack of sufficient information to assess the transaction, and he voted against the slate of directors proposed by Mr. Hill, which consisted of himself, his wife (defendant Margie Joanne Hill) and his father-in-law (defendant David Robert Moore).

20. A meeting of the board of directors immediately followed the shareholders meeting. At the Board meeting, among other things, the proposed asset sale was ratified, Mr. Hill was elected president, secretary and treasurer, Mr. Lewis was removed as a vice-president, and the name of the company was changed to ClosedRPLA Holdings, Inc.

21. Both prior to and following the shareholder meeting Mr. Lewis repeatedly sought to obtain information about the proposed transaction and resolve his dispute with Mr. Hill and OpenALPR regarding his equity interest and unpaid commissions. Throughout this process Mr. Stoller, while purporting to represent the interests of OpenALPR, acted

solely on behalf of Mr. Hill and contrary to the interests of Mr. Lewis, a shareholder of OpenALPR. Mr. Stoller made affirmative misrepresentations to Mr. Lewis respecting the terms of the proposed transaction. During much of this time, while Mr. Stoller was living in Florida and purporting to represent a Florida corporation, he was not licensed in any state to practice law, having permitted his California license to lapse in 1996. Moreover, Mr. Stoller has never been a member of the Florida bar.

22. On July 5, 2019, Mr. Stoller emailed Mr. Lewis an implicit threat, stating that if he did not accept Mr. Hill's settlement proposal Mr. Hill might put the sale proceeds (part of which belong to Mr. Lewis) in risky investments.

23. As members of the board of directors of ClosedRPLA Holdings, Inc., Defendants Margie Hill and David Robert Moore owe a fiduciary duty to the corporation and its shareholders, including Mr. Lewis. Such duties include voiding the unlawful issuance of the Treasury Stock to Mr. Hill and preventing Mr. Hill from engaging in further self-dealing and fiduciary breaches by taking a salary and distributions from ClosedRPLA Holdings, Inc.

24. Furthermore, Mr. Lewis has learned that Mr. Hill has used corporate funds for non-corporate purposes, including to purchase plane tickets for himself and his family and to invest in cryptocurrency, and he has taken distributions from the company without making the required pro rata distributions to Mr. Lewis.

COUNT I
Breach of Fiduciary Duty

25. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully stated herein.



26. Mr. Hill, as an officer and director of Closed RPLA Holdings, Inc., and Ms. Hill and Mr. Moore as directors, owe a fiduciary duty to Mr. Lewis, a minority shareholder.

27. The aforementioned defendants breached their duty by, among other things, engaging in self-dealing, failing to disclose all of the material facts relating to the proposed transaction, depriving Mr. Lewis of equity to which he was entitled, and failing to address Mr. Lewis' claim for unpaid commissions.

28. The defendants' fiduciary breaches caused Plaintiff harm.

## COUNT II
### Aiding and Abetting Breach of Fiduciary Duty

29. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully stated herein.

30. Defendants Ms. Hill, Mr. Moore and Mr. Stoller have aided and abetted Mr. Hill's breaches of fiduciary duty, causing Plaintiff harm.

## COUNT III
### Accounting

31. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully stated herein.

32. Plaintiff is entitled to an accounting to determine the extent to which corporate funds were misused by defendant Matthew Hill for personal expenses.

## COUNT IV
### Equitable Relief

33. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully stated herein.

34. Defendant ClosedRPLA Holdings, Inc., currently holds substantial liquid assets (proceeds of the sale of substantially all of its assets) in an investment account at Wells



Fargo NA and cash in a Bank of America checking account. Defendants Mr. Hill and Mr. Stoller have threatened to transfer those assets to illiquid and potentially risky investments, and Mr. Hill continues to withdraw funds for his personal use.

35. Absent injunctive relief such funds may become unavailable to satisfy a judgment in Mr. Lewis' favor, causing him irreparable harm.

36. Enjoining ClosedRPLA Holdings, Inc., from distributing or transferring any liquid assets other than in the ordinary course of business will not cause ClosedRPLA Holdings, Inc., any harm, as it is no longer in business.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that he be awarded his damages, costs and attorneys' fees, and that an Order enter for an accounting and enjoining Defendant ClosedRPLA Holdings, Inc., from distributing or transferring its assets other than in the ordinary course of business, together with such other and further relief as the Court deems appropriate.

Date: 10/28/2019

Plaintiff Steven P. Lewis,

By his attorneys,

Jeffrey J. Upton
BBO# 552221
The Upton Law Group
PO Box 507
Milton, MA 02186
(617) 308-4647

8